UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI ELLIS,

                Plaintiff,

                                  CIVIL CASE NO. 06-13144

v.

DHL EXPRESS (USA)                     HONORABLE PAUL V. GADOLA
and GARY ARNOLD,                    U.S. DISTRICT COURT

                Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Plaintiff first filed this employment discrimination case in Wayne County Circuit Court. Defendants removed the case to federal court on July 10, 2006. Now before the Court is Plaintiff's Motion to Remand filed on July 26, 2006. Plaintiff requests that the case be remanded back to state court and that Plaintiff receive the attorney fees and costs of Defendants' attempted removal. For the following reasons, the Court grants Plaintiff's Motion for Remand and denies Plaintiff's request for attorney fees and costs.

Plaintiff Lori Ellis is a citizen of Michigan. Defendant Gary Arnold is also a citizen of Michigan, while Defendant DHL is a foreign corporation. Plaintiff worked for Defendant DHL from 1986 to 2006.

Plaintiff alleges that Defendants discriminated against her in violation of Michigan's Elliott-Larson Civil Rights Act ("ELCRA"), M.C.L. § 37.2101, *et seq.* After Plaintiff first filed suit in Wayne County Circuit Court, Defendants removed the case to this Court on grounds of diversity jurisdiction. Although Defendant Arnold is a citizen of the same state as Plaintiff, Defendants claim

that Arnold's joinder as a defendant is fraudulent and that this Court should ignore his non-diverse status.

A defendant is permitted to remove a case from state court to federal district court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441. In this case, Defendants claim jurisdiction is proper on grounds of diversity. *See* 28 U.S.C. § 1332.

> Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state. *See United States Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993).

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

In this case, Plaintiff has joined Arnold as a Defendant. Since he is a citizen of Michigan like Plaintiff, complete diversity of citizenship is destroyed. Defendants claim, however, that this Court still has jurisdiction because Arnold is fraudulently joined. "Under the doctrine of fraudulent joinder, the inquiry is whether [the plaintiff] had at least a colorable cause of action against [the defendant] in the Michigan state courts." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). To determine whether a colorable cause of action exists, a court must consider "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Defendants have the burden of proving fraudulent joinder. *See Graphic Resources Group, Inc. v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822, 825 (E.D. Mich. 1999) (Gadola, J.).

Defendants argue that there is no reasonable basis for finding a colorable cause of action against Arnold, the non-diverse party, because Arnold did not subject Plaintiff to an adverse employment action. Defendants argue that Plaintiff did not lose any pay, benefit, or future job opportunities, or suffer from any other conduct that would rise to the level of a materially adverse employment action.

Plaintiff argues in response that Arnold's actions towards Plaintiff constituted adverse employment. In particular, Plaintiff alleges that she was forced to leave her position as District Sales Manager ("DSM") in order to take a position of lesser value as Manager of International Sales ("MIS").

An adverse employment action is defined as a "materially adverse change in the terms and conditions of [plaintiff's] employment." *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004) (quoting *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)). "Examples of adverse employment actions include firing, failing to promote, reassignment with significantly different responsibilities, a material loss of benefits, suspensions, and other indices unique to a particular situation." *Id.* at 575-76.

Plaintiff alleges she was placed on a Corrective Action Plan with unobtainable goals. In order to avoid the threat of termination, Plaintiff alleges that she was forced to leave her position as a DSM and to take the newly-created position as a MIS. Plaintiff alleges that this MIS position had substantially less prestige and less room for advancement. In particular, Plaintiff alleges that her new job responsibilities as a MIS were significantly different from those of her previous position. For example, Plaintiff alleges the MIS position did not involve the supervision of employees, unlike her position as a DSM where Plaintiff supervised seven to eight people on daily basis.

Consequently, Plaintiff no longer had the opportunity to prove herself a good manager of employees, which is a factor Defendant DHL considers when evaluating employees for promotion. Plaintiff also alleges that the MIS position was a position with a lesser status than the DSM position based on the company's own job classification scale.

Based on this Court's review of the record, the Court finds that Defendants have failed its burden of proving fraudulent joinder. According to Plaintiff's allegations, Plaintiff was forced to take an employment position with significantly different responsibilities. Plaintiff has sufficiently alleged that her new position was one with lesser status and lesser prestige. Accordingly, Plaintiff's allegations sufficiently describe an adverse employment action, and thus establish a colorable cause of action against Defendant Arnold. Since Plaintiff has stated a colorable cause of action against Defendant Arnold, Arnold is not fraudulently joined as a Defendant. Consequently, complete diversity of citizenship is destroyed, the Court lacks subject matter jurisdiction, and this case must be remanded to state court.

Plaintiff also seeks an award of attorney fees and costs for Defendants' improper removal of this action. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Though the Court does not have subject matter jurisdiction over this case, the Court finds that initially Defendants had a legitimate basis for believing that there was federal jurisdiction and for attempting removal. Consequently, the Court declines to grant attorney fees and costs to Plaintiff.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [docket entry 4] is **GRANTED** and this case is **REMANDED** to the **WAYNE COUNTY CIRCUIT COURT.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees and costs is **DENIED**.

**SO ORDERED.**

Dated:   November 21, 2006                                     s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  November 21, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                         David A. Binkley; Adam S. Forman                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                            .

                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845